J-A28015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LAZARUS MIAL | : | |
| | : | |
| Appellant | : | No. 2600 EDA 2021 |

Appeal from the PCRA Order Entered December 1, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002762-2014

BEFORE:  PANELLA, P.J., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED MARCH 28, 2023**

Lazarus Mial appeals from the Court of Common Pleas' order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. Following the denial of his PCRA petition, Mial filed an application seeking to proceed *pro se* or be appointed new PCRA counsel so that he could raise claims in his appeal challenging PCRA counsel's ineffectiveness. This Court remanded the matter to the PCRA court, which granted the motion and appointed Mial new PCRA counsel. New counsel filed an appellate brief with this Court, asserting the PCRA court erred by denying the claims of trial counsel's ineffectiveness raised in the PCRA petition. Meanwhile, counsel also separately filed an application to remand the matter so that Mial could raise a claim of first PCRA counsel's ineffectiveness before the PCRA court, and have that claim resolved in the first instance by the PCRA

court. Pursuant to our Supreme Court's decision in ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021), we grant the application to remand, reverse the PCRA court's order, and remand for further proceedings consistent with this memorandum.

Given our disposition of this matter, we need not recite the specific facts underlying Mial's convictions. We generally note that Mial was charged with, *inter alia*, first-degree murder for shooting a male who had been visiting the home of Mial's former paramour. The matter proceeded to trial, and a jury convicted Mial of first-degree murder, as well as a Violation of the Uniform Firearms Act ("VUFA") charge. The court sentenced Mial to life imprisonment without parole for the murder charge and five to ten years' imprisonment for the VUFA charge. On direct appeal to this Court, we affirmed all aspects of Mial's judgment of sentence except for the VUFA sentence as it exceeded the statutory maximum. Mial was subsequently resentenced to two and one-half to five years' imprisonment for the VUFA conviction.

Mial filed a timely *pro se* PCRA petition, and first PCRA counsel was appointed. Counsel filed an amended petition, raising four allegations of trial counsel's ineffectiveness and a newly-discovered evidence claim. The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing, followed by an order dismissing the petition on December 1, 2021.

Mial filed a timely notice of appeal.[1] He complied with the court's directive to file a 1925(b) statement. In that statement, Mial claimed the PCRA court erred by rejecting his claims that trial counsel had been ineffective. The 1925(b) statement did not reference the newly-discovered evidence claim. In its 1925(a) opinion, the PCRA court found that Mial's claims of trial counsel's ineffectiveness were without merit but did not address the newly-discovered evidence claim.

Mial subsequently filed a motion to proceed *pro se*, seeking to have new PCRA counsel appointed or be allowed to proceed *pro se* as he wished to raise claims challenging first PCRA counsel's representation. This Court entered an order directing the PCRA court to conduct a ***Grazier***[2] hearing, and following that hearing, the court allowed first PCRA counsel to withdraw and appointed new PCRA counsel to represent Mial in this matter.

Mial filed a brief with this Court in which he raised four claims of PCRA court error, namely that the PCRA court erred by finding his four claims of trial counsel's ineffectiveness were without merit. In his brief, Mial also informed

---

[1] For reasons that are not clear from the record, the PCRA court also filed a second order dismissing Mial's PCRA petition dated December 2, 2021, and docketed December 3, 2021. On December 6, 2021, first PCRA counsel filed an appeal from the December 1, 2021 order. Mial then filed a *pro se* notice of appeal from the December 3, 2021 order. The *pro se* notice of appeal was docketed at 533 EDA 2022. Mial filed a "Praecipe to Discontinue" the appeal at 533 EDA 2022, and this Court discontinued that matter.

[2] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1988).

the Court he planned to file a separate application to remand to the PCRA court so he could raise a claim that PCRA counsel had been ineffective for failing to properly present, develop and preserve the newly-discovered evidence claim, and so he could develop the factual basis for the claim.

On November 29, 2022, Mial filed the application to remand. In the application, Mial conceded first PCRA counsel had asserted in the amended PCRA petition that Mial was entitled to relief on the basis of newly-discovered evidence. This evidence was, according to Mial, the pattern and practice of official misconduct by Detective James Pitt of the Philadelphia Police Department, who had secured statements from certain witnesses in Mial's case and who had testified at Mial's trial. However, Mial argued first PCRA counsel was ineffective in that she did not meaningfully develop this claim or provide a sufficient factual basis to allow the PCRA court to review the claim, and without that factual record, Mial had been unable to advance the claim in his brief to this Court. Mial therefore sought a remand to the PCRA court to allow him to raise a claim there that first PCRA counsel provided ineffective representation on the newly-discovered evidence claim, to develop the record regarding that claim, and to have the PCRA court resolve the claim in the first instance.

As Mial pointed out in his application, our Supreme Court held in **Bradley** that after a PCRA court denies relief, and after a petitioner obtains new counsel or elects to proceed *pro se*, a petitioner may raise claims of PCRA

counsel's ineffectiveness for the first time on appeal. ***See Bradley***, 261 A.3d at 401. In allowing petitioners to do so, the ***Bradley*** court recognized that a remand may be necessary at times:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere "boilerplate assertions of PCRA counsel's ineffectiveness[;]" however, where there are "material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded."

***Id.*** at 402 (citations and brackets omitted).

We recognize that here, Mial has been appointed new counsel, his current PCRA counsel, who, at best, raised a boilerplate allegation in his appellate brief that first PCRA counsel's representation regarding the newly-discovered evidence claim had been ineffective. Current counsel explained, however, that he could not argue the merits of the claim on appeal because of first PCRA counsel's failure to provide or develop a factual basis for the claim so as to allow the PCRA court to properly consider the issue in the first instance. Accordingly, Mial filed an application to remand to the PCRA court so that the record could be more fully developed regarding the newly-discovered evidence claim and the manner in which PCRA counsel handled the claim. The Commonwealth did not file a response to the application to remand, or address counsel's intention to file the application to remand in its brief.

Given these circumstances, we find it prudent to grant Mial's application for a remand pursuant to **Bradley**. Upon remand, the PCRA court shall direct Mial's counsel to file an amended PCRA petition raising Mial's claims of PCRA counsel's ineffectiveness so that the PCRA court may resolve those issues in the first instance.

We also note Mial has filed a motion for change of appointed counsel, arguing that his current PCRA counsel was ineffective for failing to only raise first PCRA counsel's ineffectiveness as it related to the newly-discovered evidence claim in the application to remand, and foregoing additional issues of PCRA counsel's ineffectiveness that Mial had requested current PCRA counsel to raise. As we are remanding the matter, we also direct the PCRA court to consider and resolve Mial's motion for change of appointed counsel as an initial matter on remand.

Order reversed. Application to Remand granted. Matter remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/28/2023